[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13961
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00402-EAK-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN SCOTT HUNT,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(August 13, 2020)

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Justin Scott Hunt appeals his conviction for attempting to use the internet to transfer obscene matter to a minor under the age of sixteen, in violation of 18 U.S.C. section 1470.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 16, 2017, a grand jury charged Hunt with one count of attempting to entice a minor to engage in prohibited sexual activity, in violation of 18 U.S.C. section 2422(b), and one count of attempting to use the internet to transfer obscene matter to a minor under the age of sixteen, in violation of 18 U.S.C. section 1470. On March 18, 2019, the case proceeded to trial.  The government presented evidence that an undercover agent posed as a mother looking for someone to sexually "train" her twelve-year-old daughter.  Hunt responded to the fictitious mother's post on a known child-pornography website and began communicating with her.

At a certain point, the mother expressed concern that Hunt's penis would be too large for her daughter.  In response, Hunt sent the mother a picture of his erect penis.  The mother asked Hunt whether the picture was for her daughter and if he wanted her to show it to her daughter, and Hunt replied: "I'm comfortable with having her view it.  That's fine."  The mother then gave Hunt an email address for him to contact her daughter directly.

The mother later told Hunt she showed the picture of his penis to her daughter and that her daughter asked if Hunt had muscles and was cute.  In response, Hunt

2

sent the mother a second picture of his erect penis including his face. The mother asked Hunt whether he had sent the picture directly to her daughter as well. Hunt said he had not but that the mother could share it with her. The mother told Hunt she showed the picture to her daughter and that her daughter thought he was "really cute." Hunt replied he was glad her daughter thought he was attractive.

Hunt and the mother continued to communicate over the course of several months. Eventually, Hunt asked the mother whether her daughter had "expressed any desire to continue with [him]" and said: "Hopefully she's able to view all my pics and begins to develop a lust or fantasy about me." He asked: "Shall I send more? I can certainly arrange." The only pictures Hunt had sent at that point were the two obscene pictures of himself.

At the close of the government's case, Hunt moved for judgment of acquittal. The district court denied the motion, and Hunt rested without presenting any evidence. The jury found Hunt guilty as charged.

**STANDARD OF REVIEW**

We review the sufficiency of the evidence de novo, viewing the evidence and all reasonable inferences in the light most favorable to the verdict. United States v. Gillis, 938 F.3d 1181, 1189 n.2 (11th Cir. 2019). A guilty verdict "cannot be overturned if any reasonable construction of the evidence would have allowed the

jury to find the defendant guilty beyond a reasonable doubt."  United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013).

## DISCUSSION

Hunt argues the district court erred in denying his motion for judgment of acquittal as to the section 1470 charge because there was no evidence he attempted to "transfer" obscene matter to a minor.  According to Hunt, "'transfer' in [section] 1470 means that a person arranges for obscenity to come within the possession or control of a minor."  "At worst," he says, he "distributed the pictures" to the fictitious mother, "knowing the pictures would be viewed by [her daughter]."  Hunt claims section 1470 "does not prohibit distribution with the intent or knowledge that a minor would view obscenity."

The Fifth Circuit addressed a similar argument in United States v. Salcedo, 924 F.3d 172, 179–80 (5th Cir. 2019).  There, the defendant argued that the evidence showed only that he intended to transfer an obscene picture to a fictitious mother, not her daughters.  See id.  He noted that he sent the image to the mother "in response to her request for a 'pic,' and that he only later agreed to her request for permission to show the image to her daughters."  Id. at 180.  However, the Fifth Circuit concluded that when the mother asked the defendant "So I can get them ready . . . . Can I see a pic?," a reasonable jury could conclude that the defendant "interpreted it as an invitation for him to provide a picture of his genitals to 'groom' the daughters

4

for their sexual encounter, and sent [the mother] the picture with the intent that she serve as an intermediary to transfer it to the minors." Id.

Like in Salcedo, there was evidence here that Hunt wanted his obscene pictures to be provided to the fictitious daughter. When the mother expressed concern that Hunt's penis would be too large for her daughter, Hunt sent the mother a picture of his erect penis. The mother next told Hunt that her daughter wanted to know if he had muscles and was cute, and in response Hunt sent the mother a picture of his erect penis and face. Hunt later said: "Hopefully she's able to view all my pics and begin to develop a lust or fantasy about me." He also offered to "arrange" for more pictures. Based on this evidence, a reasonable jury could infer that Hunt intended to transfer the obscene pictures to the daughter through her mother. This constitutes a transfer even under Hunt's reading of the statute. See Appellant's Br. 14 (noting that a transfer encompasses giving something to an "intermediary" with the intention for it to be delivered to a third party). Accordingly, the district court did not err in denying Hunt's motion for judgment of acquittal.

**AFFIRMED.**